**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-00132-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ERASMO AVILES, JR. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Erasmo Aviles' ("Aviles") Motion in Limine (Record Document 84) seeking exclusion of evidence of two prior federal criminal convictions that the Government seeks to admit at trial in the above-captioned matter under Federal Rule of Evidence 404(b). For the reasons contained in the instant Memorandum Ruling, the Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 12, 2016, Aviles and his co-defendant in the instant action, Francisco Guardiola ("Guardiola"), were driving eastbound on Interstate 20 in Bossier Parish, Louisiana, in two separate vehicles. Two troopers with the Criminal Patrol Unit of the Louisiana State Police, Troop G, initiated separate traffic stops of both vehicles for traffic violations. A certified narcotics canine "alerted" to the presence of drugs in Guardiola's car. Troopers found a cardboard box on the back seat of the vehicle containing Tupperware containers with both methamphetamine and cocaine inside. Aviles consented to a search of his vehicle. Troopers found no drugs in his vehicle, but at the time of the stop Aviles had the insurance cards for both his own vehicle and the vehicle that Guardiola was driving in his possession. Additionally, troopers found a two-way radio

in each vehicle, with both radios tuned to the same channel. The troopers arrested both Guardiola and Aviles after discovering these facts.[1]

On May 25, 2016, a federal grand jury for the Western District of Louisiana issued an indictment charging Aviles and Guardiola with: (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1); and (3) Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). See Record Document 16. The Court denied Defendants' Motions to Suppress on February 22, 2017. See Record Document 57. Guardiola entered a plea of guilty on all charges on March 15, 2017. See Record Document 61.

Aviles elected to go to trial. On June 12, 2017, the Government filed a notice of intent to introduce Aviles' two previous federal felony convictions into evidence under Federal Rule of Evidence 404(b) along with an accompanying Memorandum. See Record Document 71. The two convictions at issue are: (1) a 2006 conviction for possession of cocaine with intent to distribute; and (2) a 2010 conviction for illegal alien smuggling. See Record Document 71. On July 24, 2017, Aviles filed the instant Motion in Limine seeking exclusion of these two convictions from evidence. See Record Document 84. The Government responded to the Motion in Limine on July 31, 2017, so the Motion is now fully briefed.

---

[1] A more detailed factual account of the traffic stops may be found in Magistrate Judge Hornsby's Report and Recommendation on the Defendants' Motion to Suppress. See Record Document 53; see United States v. Aviles, 2016 U.S. Dist. LEXIS 184420 (W.D. La. 2016).

**LAW AND ANALYSIS**

I.    **Legal Standards**

Rule 404(b)(1) of the Federal Rules of Evidence provides a general prohibition on the admission of evidence of prior crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 404(b)(2) states that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In the Fifth Circuit, Untied States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (*en banc*) provides the standard for evaluating all evidentiary questions under Rule 404(b). In Beechum, the Fifth Circuit held that:

> What [Rule 404(b)] calls for is essentially a two-step test. First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.

582 F.2d at 911. Under Rule 401, evidence is relevant if it has any tendency to make a fact that is of consequence in the action more or less probable than it would be without the evidence. Under Rule 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

II.    **Analysis**

Defendant Aviles does not dispute that he was actually convicted of the two convictions in question. See Record Document 84-1. However, he argues that admission

of his prior convictions is not relevant for any purpose other than impugning his character. See Record Document 84-1 at 4. He also argues that admission of his prior convictions, even if they have any probative value, would only serve to prejudice his right to a fair trial. See id. at 4-5. The Government asserts that Aviles' prior convictions are relevant to prove motive, intent, knowledge, opportunity, plan, and lack of mistake or accident. See Record Documents 71-1 and 93. The Government also argues that any risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence does not substantially outweigh the probative value of the convictions. See id.

### A. Aviles' Prior Convictions Are Relevant for a Purpose Other than Proving His Bad Character.

The Court agrees with the Government's argument that Aviles' prior convictions are relevant for purposes other than proving that Aviles has bad character and a propensity to commit crimes. At minimum, Aviles' prior convictions are admissible to show intent, knowledge, and lack of mistake or accident. The Court will only address the admissibility of the prior convictions for the purpose of proving intent, because (1) intent is the focus of the Government's arguments and (2) it is only necessary for the Government to show that the evidence is relevant to one purpose other than proof of Aviles' character to satisfy the first step of the Beechum test. See Record Documents 71, 71-1, and 93; see United States v. Abel, 469 U.S. 45, 56 (1984) ("[t]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible").

"Where the evidence sought to be introduced is an extrinsic offense, its relevance is a function of its similarity to the offense charged." Beechum, 582 F.2d at 911. The

amount of similarity between a prior crime and the current charged offense that is necessary to render the prior crime relevant "is determined by the inquiry or issue to which the extrinsic offense is addressed." Id. "Where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." Id.

In the instant action, Aviles has two prior convictions that the Government wishes to admit at trial. The first is a 2006 conviction for possession of cocaine with intent to distribute. See Record Document 71. Aviles is currently charged with two counts of possession with intent to distribute controlled substances (cocaine and methamphetamine) and one count of conspiracy to possess controlled substances with intent to distribute them. See Record Document 15. The mens rea required for the current crimes, "knowingly" or "intentionally," is exactly the same as the mens rea required for the prior crime of possession with intent to distribute a controlled substance. See 21 U.S.C. § 841(a). Intent is at issue in the instant action because Aviles pleaded not guilty, meaning that the Government will have to prove his intent beyond a reasonable doubt as part of its case. See United States v. Pompa, 434 F. 3d 800, 805 (5th Cir. 2005) ("in a drug-trafficking case, the issue of intent is always material"); see United States v. Olguin, 643 F.3d 384, 390 (5th Cir. 2011) ("a defendant's not-guilty plea intuitively puts his intent and knowledge into issue"). Because Aviles "had unlawful intent in the extrinsic offense [of possession of a controlled substance with intent to distribute], it is less likely that he had lawful intent in the present offense[s]." Beechum, 582 F.2d at 911; see United States v. Hurn, 496 F.3d 784, 787-88 (7th Cir. 2007) (affirming admission of an eight-year old prior

conviction for possession with intent to distribute to prove intent in a subsequent trial for possession with intent to distribute). Thus, with respect to Aviles' prior drug conviction, the Government has satisfied the first prong of the test for admission of prior crimes evidence by showing that the conviction is relevant to prove intent and not simply to show Aviles' bad character.

Aviles' argument for exclusion is marginally stronger with respect to his prior conviction for illegal alien trafficking, but the Government is nonetheless correct that this conviction is also relevant to proving intent in the instant action. Aviles correctly points out that drugs were not involved in the conviction for illegal alien trafficking and that this weakens the argument for admission of this conviction to show intent to traffic in illegal drugs, but this factual distinction is not dispositive. See Record Document 84-1 at 2. As the Government asserts, this prior conviction is admissible to show intent to traffic in illegal cargo in a broad sense, even though the cargo in the instant action is not exactly the same as in the prior conviction for trafficking illegal aliens. See Record Document 71-1 at 3. The mens rea necessary for a conviction on the illegal alien offense is similar to the mens rea necessary for a conviction in the instant action; for a conviction for bringing or attempting to bring illegal aliens into the country, as is the case for a possession with intent to distribute conviction, the Government must prove that the defendant at least acted knowingly. See 8 U.S.C. § 1324(a)(1)(A)(i).

In other cases, the Fifth Circuit has approved of admission of prior bad acts to prove intent when the intent required for the prior bad act is similar to the intent required for the crime for which the defendant is being tried but the nature of the acts committed is not identical. For example, in United States v. Heard, the Fifth Circuit addressed the

admissibility of a prior fraudulent bankruptcy filing by the defendant for the purpose of proving intent to defraud the United States in connection with a separate allegation of fraud related to employment taxes. 709 F.3d 413, 429-31 (5th Cir. 2013). Lambert, one of the two defendants, was a certified public accountant who handled payroll and accounting matters for various entities that he and the other defendant (Heard) created. See id. at 418-19. These entities, controlled by Lambert and Heard, had allegedly engaged in an elaborate scheme to avoid paying federal employment taxes over more than twelve years. See id. The district court admitted evidence related to Lambert's personal bankruptcy filing during one of those years, an allegedly fraudulent filing intended to discharge personal income tax debts, to prove intent to defraud the United States on the entities' employment taxes. See id. at 429-30. On appeal, the Fifth Circuit held that the prior bankruptcy filing was admissible despite the factual difference between that act and the charged offense because it was still relevant to prove intent to defraud the United States, an intent that was common to both acts. See id. at 430.

In the instant action, Aviles' intent in the prior offense and his alleged intent in the currently charged offense is essentially the same: knowingly possessing and transporting illegal cargo. Thus, the Court finds that the Government has shown that Aviles' prior conviction for illegal alien trafficking, like his conviction for possession of drugs with intent to distribute, is relevant for a purpose other than simply proving his bad character because it is relevant to show his intent.

### B. The Probative Value of Aviles' Prior Convictions Is Not Substantially Outweighed by the Danger of Any of the Enumerated Issues in Rule 403.

Under Beechum, the second step in any analysis of the admissibility of prior crimes evidence under Rule 404(b) is to determine whether the probative value of the prior

crimes is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence under Rule 403. See 582 F.2d at 913-17. "Unfair prejudice" in this context "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Notes of Advisory Committee on Rules.

In Beechum, the Fifth Circuit set forth the following guidance for making a determination under Rule 403:

> The task for the court in its ascertainment of probative value and unfair prejudice under Rule 403 calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense . . . The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision of this kind under Rule 403.
>
> Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference. It is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice. Thus, if the Government has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily. If the defendant's intent is not contested, then the incremental probative value of the extrinsic offense is inconsequential when compared to its prejudice; therefore, in this circumstance the evidence is uniformly excluded.

582 F.2d at 914 (internal citations and quotations omitted).

Under these rules, the Court finds that the probative value of Aviles' prior convictions is not substantially outweighed by any of the enumerated risks in Rule 403. As discussed in Section II, A, *supra*, the convictions are relevant, at minimum, to show that Aviles had the requisite intent for a conviction on the three drug charges at issue in the instant action. The "incremental probity" of these convictions for that purpose is rather high. Id. Though the Government has some strong circumstantial evidence of intent as a

result of the discovery of (1) the two-way radios in both Aviles and Guardiola's car and (2) the insurance cards for both vehicles in Aviles' possession, the addition of these two convictions adds a great deal to the Government's evidence regarding Aviles' intent.

There is a risk of unfair prejudice, as there is always a possibility that a defendant's past conviction will be used by a jury for an impermissible purpose, such as to convict the defendant based on the belief that he has a propensity to commit crimes. However, this risk can be tempered by a jury instruction not to use the convictions for that purpose, and the Court must presume that the jury will follow such instructions. See Beechum, 582 F.2d at 917; see Hurn, 496 F.3d at 788 ("we must presume that the jurors followed" the district court's instruction to consider a prior conviction only as evidence of intent). Additionally, Rule 403 does not exclude all evidence that poses any risk of unfair prejudice or any of the other enumerated risks in the Rule; rather, it tolerates those risks to the extent that they do not substantially outweigh the probative value of the evidence. See also United States v. West, 22 F.3d 586, 597 (5th Cir. 1994) ("exclusion of evidence under Rule 403 . . . should occur only sparingly"). Thus, even though there is certainly some risk of unfair prejudice or other enumerated risks in Rule 403 that could result from the admission of Aviles' past crimes, those risks can be tempered by a limiting instruction, and in any event the Court finds that they do not substantially outweigh the high probative value of the convictions for the purpose of proving intent.

## CONCLUSION

The Court finds that Aviles' past convictions are relevant, at minimum, to establishing Aviles' intent. Evidence of past crimes is admissible to prove intent under Rule 404(b) so long as its probative value is not substantially outweighed by any of the

risks enumerated in Rule 403. The Court finds that the high probative value of Aviles' convictions for the purpose of proving his intent is not substantially outweighed by any of the risks enumerated in Rule 403. Therefore, Aviles' Motion in Limine is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 3rd day of August, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE