UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00132-01 |
| | CIVIL ACTION NO. 20-0478 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ERASMO AVILES, JR. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Erasmo Aviles, Jr.'s ("Aviles") Motion to Vacate, Set aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 157). Aviles seeks to have his sentence vacated on the grounds of ineffective assistance of trial and appellate counsel and prosecutorial misconduct. For the reasons discussed herein, Aviles' Motion is **DENIED.**

**BACKGROUND**

On May 12, 2016, Troopers pulled over an Impala and a Yukon. Aviles was driving the Yukon, and Francisco Guardiola ("Guardiola") was driving the Impala. See Record Document 153 at 3. However, the Impala was registered to Aviles. See id. After a K-9 Unit gave a positive alert on the Impala, Trooper George Strickland ("Trooper Strickland") searched the vehicle and found approximately 975 grams of methamphetamine, 315 grams of cocaine, and a two-way camouflage radio set to channel two. See id. at 2-3. Guardiola was placed under arrest.

Trooper Brent Peart ("Trooper Peart") pulled over the Yukon. Aviles admitted that the Impala belonged to him and stated that his cousin was driving it. See id. at 4. Aviles consented to a search of the Yukon, which revealed two cell phones and a camouflage two-way radio set to channel two. See id. After Trooper Strickland contacted Trooper

Peart to tell him they had found narcotics in the Impala, Trooper Peart arrested Aviles. See id.

On May 25, 2016, a federal grand jury returned a three-count indictment charging Aviles and Guardiola with conspiracy to possess with intent to distribute a controlled substance, possession of methamphetamine with intent to distribute, and possession of cocaine with intent to distribute. See Record Document 15.

On June 21, 2016, both defendants were arraigned. The deadline for motions was set for July 8, 2016. See Record Document 27. On July 6, 2016, Aviles filed a motion to extend the deadline for filing a motion to suppress, which the Court granted on July 7, 2016. See Record Documents 31, 32. On July 8, 2016, Guardiola filed a motion to suppress. See Record Document 33. On July 26, 2016, Aviles filed a second motion for extension of time to file pre-trial motions which was granted on July 27, 2016. See Record Documents 34, 35. He was granted an extension until August 12, 2016, to file motions. See id.

On August 12, 2016, Aviles filed a motion to suppress. See Record Document 36. The matter was set for a hearing on August 25, 2016, but on August 23, 2016, Aviles filed a motion to continue that hearing, which was granted on August 24, 2016. See Record Documents 40, 41. The electronic entry indicates that, in the interests of justice, the hearing was continued until October 4, 2016. See Record Documents 38, 40, 41. On August 29, 2016, the United States filed a motion to quash. See Record Document 42. An evidentiary hearing was held on October 4, 2016. After the hearing, Magistrate Judge Hornsby took the matter under advisement and indicated, "In the interest of justice, further scheduling will be deferred until resolution of these motions." Record Document 50.

On October 21, 2016, Magistrate Judge Hornsby issued a report and recommendation recommending denial of the motion to suppress and motion to quash. See Record Document 53. On November 4, 2016, Guardiola filed an objection to the report and recommendation. See Record Document 54. On November 8, 2016, Aviles filed an objection to the report and recommendation. See Record Document 55. On November 10, 2016, the government filed a response to the objections. See Record Document 56. On February 22, 2017, the Court adopted the report and recommendation and denied the motion to suppress. See Record Document 57.

On March 14, 2017, Aviles made an oral motion to continue the trial beyond the Speedy Trial Act ("STA") Deadlines. See Record Document 65. The Court granted the motion. The minute entry reads, "The court finds that the ends of justice served by granting this continuance outweighs the public's and Defendant's rights in a speedy trial." Record Document 66.

On March 17, 2017, the jury trial was set for August 7, 2017. See Record Document 67. The trial proceeded on August 7, 2017. Aviles was found guilty as charged. See Record Document 114. On December 28, 2017, he was sentenced to 240 months in prison. See Record Document 140.

His conviction was affirmed by the Fifth Circuit on September 13, 2018, and entered into the district court's records on October 5, 2018. See Record Document 153. On appeal, the defendant challenged the district court's decision precluding Guardiola's testimony and permitting drug-courier profile testimony. See Record Document 153. The United States Supreme Court denied the petition for *writ of certiorari* on April 29, 2019. See Record Document 154. Aviles' Section 2255 motion was timely filed on April 16,

2020. See Record Document 157. The Government filed a response to the Section 2255 Motion. See Record Document 162. Aviles filed a Motion to Strike the Government's response. See Record Document 163. The Government responded to the Motion to Strike. See Record Document 164. The Court then denied the Motion to Strike. See Record Document 168.

## LAW AND ANALYSIS

**I.     Legal Standards**

**A.     Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255.**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164–65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raise on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

Even if a defendant cannot establish cause and prejudice, a defendant may still be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. Id. at 232; United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). To show a complete miscarriage of justice, a defendant must establish that he is factually innocent. See Flores, 981 F.2d at 236. Even in a case

involving a guilty plea, to establish actual innocence, a defendant must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623–24 (1998) (citations omitted).

### B.     Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring these ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Bryant v. Scott, 28 F.2d 1411, 1414–15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The

court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415. If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. See Tucker v. Johnson, 115 F.3d 276, 281 (5th Cir. 1997).

### C. Speedy Trial Act

The STA requires that a court conduct a defendant's trial within seventy days of the indictment or when the defendant first appears before the court, whichever is later. 18 U.S.C. § 3161(c)(1). But several different circumstances can toll the seventy-day clock. See 18 U.S.C. § 1361(h). For example, Section 3161(h)(7)(A) provides for the exclusion of a "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings

that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When considering whether the ends of justice are served by a continuance, a judge must consider, among other factors: (1) whether failing to grant a continuance would make the proceeding impossible or result in a miscarriage of justice; (2) whether the case is so unusual or complex, due to the number of defendants, that it is unreasonable to expect adequate preparation within the time limit; and (3) whether denying the continuance would deny defendant or the government the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B). The STA also provides for the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The Fifth Circuit has ruled that "the excludable delay of one codefendant may be attributed to all defendants." United States v. Bermea, 30 F.3d 1539, 1567 (5th Cir.1994) (emphasis in original, citations omitted).

If a trial does not commence within the time limits prescribed by the Act, "the defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges, and if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." Zedner v. United States, 547 U.S. 489, 498 (2006); 18 U.S.C. § 3162(a)(2).

**II.   Analysis**

Aviles asserts four grounds for relief, namely:

> (1) that his trial counsel was ineffective by failing to "notify the court of the expiration of the time limitation period under the STA (18 U.S.C. § 3161(c)(1)) because the Sixth

        Amendment guarantees a criminal defendant the right to a speedy trial." Record Document 161 at 4;

   (2)  that his appellate counsel was ineffective when he failed to raise the speedy trial issue on appeal. See id. at 5;

   (3)  that he is "being held in violation of his constitutional rights because he is actually innocent of the offenses for which he was tried and convicted after being unable to present substantial evidence to the jury." Id. at 7.

   (4)  that his trial counsel was ineffective "when he failed to conduct a pretrial investigation geared to support the defense presented during trial." Id. at 8. Specifically, he claims that counsel did not contact or investigate specific witnesses. See id.

  a. Grounds One and Four

The Court will consider grounds one and four together as both claims pertain to Aviles' trial counsel. In his first ground for relief, as stated above, Aviles alleges that his counsel was ineffective by failing to "notify the court of the expiration of the time limitation period under the STA (18 U.S.C. § 3161(c)(1)) because the Sixth Amendment guarantees a criminal defendant the right to a speedy trial." Record Document 161 at 4. Aviles further alleges that his counsel was ineffective "when he failed to conduct a pretrial investigation geared to support the defense presented during trial." Id. at 8. Specifically, he claims that counsel did not contact or investigate specific witnesses. See id. Aviles claims that "but for counsel's actions[,] the outcome of the proceedings would have been difference [sic]." Id.

In response, the Government claims that, "[r]egardless of the application of the Speedy Trial Act, the defendant cannot establish that he was denied effective assistance of counsel." Record Document 162 at 1. The Government specifically alleges that Aviles cannot establish that his attorneys' actions were objectively unreasonable and that they

resulted in prejudice, as required under the Strickland test for determining ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984); United States v. Bernard, 762 F.3d 467, 471 (5th Cir. 2014) (reiterating two-prong Strickland test); United States v. Wines, 691 F.3d 599 (5th Cir. 2012) (same).

The Government asserts that Aviles cannot establish that his trial counsel was ineffective for failing to raise the STA issue because he failed to show that, had the attorney filed a motion to dismiss, he would have prevailed, and the case would have been dismissed with prejudice. See Record Document 162 at 11, 13. Aviles contends that "133 non-excludable days" lapsed before trial. Record Document 157 at 8. The Government shows that the total number of non-excludable days before trial was thirty-five, which does not violate the STA. See Record Document 162 at 11. The Fifth Circuit Court of Appeals has held that failure to file a meritless motion does not constitute ineffective assistance of counsel. See Koch v. Pucket, 907 F.2d 524, 527 (5th Cir. 1990); see also United States v. Israel, 838 F. App'x 856, 868 n.55 (5th Cir. 2020) (unpublished) ("Trial counsel's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had [trial counsel] raised the issue.") (internal citation and quotations omitted). The Court finds that this is not grounds for ineffective assistance of counsel and this claim is dismissed.

As to Aviles claims regarding his trial counsel's investigation, in its response to Aviles' subsequent Motion to Strike, the Government argues that Aviles failed to list any witnesses and failed to present any affidavit as to their possible testimony.[1] See Record

---

[1] In denying Aviles' Motion to Strike, the Court noted that Aviles failed to show how he was prejudiced by the Government's incomplete response to his Section 2255 Motion, as he was able to present all arguments

Document 164 at 6-7. The Fifth Circuit "ha[s] explained that 'complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.'" United States v. Fields, 761 F.3d 443, 461 (5th Cir. 2014) (quoting Sayre v. Anderson, 238 F.3d 631, 635–36 (5th Cir. 2001)). To prevail on such a claim, "'the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.'" Id. (quoting Day v. Quartermain, 566 F.3d 527, 538 (5th Cir. 2009)). There must be a specific, affirmative showing of what the missing evidence or testimony would have been. See Mattheson v. King, 751 F.2d 1432, 1438 (5th Cir. 1985). Aviles has made no such showing, thus his claims in ground four fail as well.

### b. Ground Two

Aviles further alleges that his appellate counsel was ineffective by failing to raise the speedy trial issue on appeal. See Record Document 161 at 5. Ineffective assistance claims lodged against appellate counsel are also governed by the Strickland standard. See Smith v. Murray, 477 U.S. 527, 535-36 (1986). The Government argues that Aviles' appellate counsel was not ineffective for not raising the STA issue on appeal because, if a court finds no prejudice "from trial counsel's error, by extension, it cannot find prejudice from appellate counsel's error predicated on the same issue." Record Document 161 at 5 (quoting Mayabb v. Johnson, 168 F.3d 863, 869 (5th Cir. 1999)). The Court agrees.

---

available to him in that motion. It further noted that the Government subsequently completed its response to the Section 2255 Motion following the Motion to Strike. See Record Document 168. Thus, the Court considers the Government's responses to the Section 2255 Motion that were filed with its response to Aviles' Motion to Strike. See Record Document 164.

When the alleged trial error did not result in prejudice, an individual will not be prejudiced by an alleged appellate error on the same issue. See Amador v. Quarterman, 458 F.3d 397, 411 (5th Cir. 2006) (quoting Mayabb, 168 F.3d at 869).

### c. Ground Three

Aviles also claims that he is "being held in violation of his constitutional rights because he is actually innocent of the offenses for which he was tried and convicted after being unable to present substantial evidence to the jury." Record Document 161 at 7. He specifically states that there was prosecutorial misconduct "preventing [him] in presenting his defense through evidence which was reasonabl[y] available." Id. The Government argues that Aviles is procedurally barred from raising prosecutorial misconduct in his Section 2255 motion. See Record Document 164 at 3-4. The Court agrees with the Government.

Aviles did not raise this claim on direct appeal, and as such it is procedurally defaulted absent a showing of cause and prejudice and that he is "actually innocent" of the crime for which he was convicted. See United States v. Logan, 135 F.3d 353, 355 (5th Cir. 1998) (citing United States v. Frady, 456 U.S. 152, 168 (1982)); see also United States v. Alanis, 88 F. App'x 15, 22 (5th Cir. 2004) (prosecutorial misconduct claim must first be raised on direct appeal). Aviles offers nothing to satisfy the cause-and-actual prejudice or the actual innocence exception. As such, this claim fails.

## CONCLUSION

Aviles is unable to demonstrate both necessary elements of the <u>Strickland</u> test for establishing an ineffective assistance of counsel claim on any of his arguments. Additionally, his prosecutorial misconduct claim is procedurally barred. Therefore, Aviles's § 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to overcome the procedural bar for raising a constitutional or jurisdictional issue for the first time on collateral review.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of August, 2024.

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT